Of Counsel:
MILLER SHEA
A Limited Liability Law Company

JEFFREY P. MILLER    7559-0
1001 Bishop Street, Suite 2925
Honolulu, Hawaii  96813
Telephone:  (808) 536-2442
Facsimile:  (808) 369-8281
Email:  jeff@millershealaw.com

Attorneys for Plaintiffs
TRUSTEES OF THE HAWAII
CARPENTER TRUST FUNDS

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| HAWAII CARPENTERS TRUST FUNDS, ***Health & Welfare Fund by its trustees*** Glen Kaneshige, Eric Hashizume, Michael Young, Ronald Taketa, Kyle Chock, Blake T. Inouye, Conrad C. Verdugo, Jr., Juan Padasdao, Jr., Travis Murakami; Nathaniel Kinney and Dione Kalaola; ***Apprenticeship & Training Fund by its trustees*** Conrad Murashige, Dale Sakamoto-Yoneda, Roy Morioka, Patrick Gill, Patrick Palmer, Kyle Chock, Ronald Taketa, Mitchell Tynanes, Sean Newcamp, Lito Alcantra, Nathaniel Kinney, Travis Murakami, Lance Wilhelm, Barbara Kono and Dione Kalaola; ***Vacation & Holiday Fund by its trustees*** Paul Silen, Paul Sasaki, Nathaniel Kinney, Jay Kadowaki, Roy Morioka, Kyle Chock, Sean Newcamp, Mitchell | CIVIL NO. 24-00094 JMS-KJM<br><br>FINDINGS AND RECOMMENDATION TO GRANT PLANTIFFS' MOTION FOR ENTRY OF DEFAULT JUDGMENT AGAINST DEFENDANT ALOHA GYPSUM FLOORS, LLC<br><br><br><br>Hearing Date: August 7, 2024<br>Time: 11:00 a.m.<br>Judge: Kenneth J. Mansfield<br><br>No Trial Date Set |

| | |
|---|---|
| Tynanes, Roy Shi oi, Travis Murakami, Tom Broderick, Juan Padasdao, Jr. and Fred Kim; ***Market Recovery Program by its trustees*** Thalia Choy, Alan Shintani, Justin Izumi, Ken Kawamoto, Nathaniel Kinney, Lance Wilhelm, Sean Newcamp, Kyle Chock, Mitchell Tynanes, Michael Young, Travis Murakami; Dale Sakamoto-Yoneda and Juan Padasdao, Jr.; ***Financial Security Fund by its trustees*** Kenneth Spence, Conrad Murashige, Kenneth Sakurai, Lance Watanabe, Kyle Chock, Ronald Taketa, Shaun Shumizu, Sean Newcamp, Blake T. Inouye, Nathaniel Kinney, Dione Kalaola, Joyce Furukawa, Travis Murakami and Juan Padasdao, Jr.; ***Hawaii Carpenters New Retiree Medical Plan by its trustees*** Eric Hashizume, Ronald Taketa, Michael Young, Kyle Chock, Blake T. Inouye, Juan Padasdao, Jr., Conrad C. Verdugo, Jr. and Travis Murakami; ***401-K Fund by its trustees*** Kenneth Spence, Conrad Murashige, Kenneth Sakurai, Lance Watanabe, Kyle Chock, Ronald Taketa, Blake T. Inouye, Sean Newcamp, Nathaniel Kinney, Shaun Shimizu, Joyce Furukawa, Dione Kalaola, Travis Murakami and Juan Padasdao, Jr.; | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |
| Plaintiffs, | ) |
| vs. | ) |
| ALOHA GYPSUM FLOORS, LLC; | ) |

2

| | |
|---|---|
| JOHN DOES 1-100; JANE DOES 1-100; DOE CORPORATIONS 1-100; DOE PARTNERSHIPS 1-100; DOE ENTITIES 1-100; DOE GOVERNMENTAL UNITS 1-100,<br><br>　　　　Defendants.<br>_____ | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

### FINDINGS AND RECOMMENDATION TO GRANT PLANTIFFS' MOTION FOR ENTRY OF DEFAULT JUDGMENT AGAINST DEFENDANT ALOHA GYPSUM FLOORS, LLC

On February 27, 2024, Trustees of the Hawaii Carpenters Trust Funds ("HCTF" of "Trust Funds") filed a Complaint against Aloha Gypsum Floors, LLC. [CM/ECF No. 1]

Jurisdiction of this Court is based on the Labor-Management Relations Act, 1947, as amended, the Employee Retirement Income Security Act of 1974 and the Multiemployer Pension Plan Amendments Act of 1980, as hereinafter more fully appears thereunder, and more specifically under 29 U.S.C. Sections 185(a), 1145, and 1132(a) and (t).

On May 13, 2024, personal service of the Complaint and Summons was effected upon Aloha Gypsum Floors, LLC [CM/ECF No. 16]. Upon service of the Complaint and Summons, Aloha Gypsum Floors, LLC failed to answer, or otherwise plead, and such time to answer or otherwise plead has expired. Thereafter, HCTF requested that default be entered against Aloha Gypsum Floors,

LLC, and on June 6, 2024, the Clerk of the Court made an Entry of Default of Aloha Gypsum Floors, LLC [CM/ECF No. 19].

On July 2, 2024, HCTF filed a motion for entry of default judgment against Aloha Gypsum Floors, LLC [CM/ECF No. 22] seeking specific audit materials ("Requested Records") from Aloha Gypsum Floors, LLC, specifically:

1. Payroll registers for the audit period (February 2020 to present)
2. Time cards and/or time sheets
3. All State and Federal quarterly reports (941's, 940, & state unemployment)
4. Individual earning records for all employees (W-2's & W-3's)
5. All forms 1099 & 1096 issued for the audit period
6. Listing & classifications for all employees on the payroll
7. All bank statements & canceled checks for all payroll and general ledger accounts maintained
8. All check registers for all payroll and general ledger accounts maintained
9. Trust fund transmittals for the audit period.
10. General Excise/Use Tax return.

HCTF also requested their attorneys' fees and costs incurred in pursuing this action in the reasonable amount of $2,817.02. Further, HCTF expect to incur an additional amount of attorneys' fees totaling $750.00, plus general excise tax of $35.34 for a total of $785.34 for the attendance at the hearing of this motion, and finalization of the order and judgment thereafter. Accordingly, HCTF requested attorneys' fees and costs in the amount of $3,602.36.

HCTF' Motion for Entry of Default Judgment came on for hearing on August 7, 2024 before the undersigned United States Magistrate Judge, due notice

of said hearing having been provided to Aloha Gypsum Floors, LLC. Jeffrey P. Miller appeared on behalf of the Trust Funds. Aloha Gypsum Floors, LLC failed to appear after three calls by the courtroom manager and failed to otherwise respond to the Trust Funds' Motion for Default Judgment.

## FINDINGS

Having reviewed the Trust Funds' Motion for Default Judgment, the attached declaration of Jeffrey P. Miller, the attached declaration of Sarah Kobayashi, and the exhibits thereto, and the record established in this action, this Court finds as follows:

1. At all times material herein, each of the above-named HCTF was, and now is, an employee benefit plan organized and existing under the laws of the United States and whose principal offices are in the City and County of Honolulu, State of Hawaii. At all times herein mentioned, each of the above-named Trust Funds was, and now is, an express trust created by a written trust agreement subject to and pursuant to Section 302 of the Labor-Management Relations Act (29 U.S.C. §§ 186) and a multiemployer employee benefit plan within the meaning of the Employee Retirement Income Security Act (29 U.S.C. § 1002).

2. Aloha Gypsum Floors, LLC is a signatory to the Collective Bargaining Agreement ("CBA") with the Hawaii Regional Council of Carpenters.

Pursuant to the CBA, each month Aloha Gypsum Floors, LLC is required to submit to the HCTF' office a report detailing the number of hours each of its employees worked on a union jobsite for the previous calendar month. The report details the hourly benefit rate for each of the trust funds for each employee, based on the employee's classification, and calculates the amount of contributions owed under the CBA based on the classification of the employee and the number of hours worked. The employer is required to submit the reported hours and calculated contributions to the trust funds no later than the twenty fifth day of the month following the work performed in the prior calendar month. Aloha Gypsum Floors, LLC is also obligated to HCTF to permit audits and allow inspection of its payroll and other records to confirm the amounts owed pursuant to the CBA.

3. Despite repeated requests by HCTF, Aloha Gypsum Floors, LLC has failed to, and continues to fail to, permit audits and to allow inspection of its payroll and other records as provided by the CBA so that HCTF are able to ascertain whether all contributions due have been paid.

4. The Complaint seeks an order requiring Aloha Gypsum Floors, LLC to produce and make available the Requested Records which Aloha Gypsum Floors, LLC was and is required to produce pursuant to the Collective Bargaining Agreement.

5. Aloha Gypsum Floors, LLC's obligations to HCTF to pay trust

fund contributions are continuing obligations and Aloha Gypsum Floors, LLC may accrue and owe additional trust fund contributions and liquidated damages up to the time of trial or proof.

      6.      Under the terms of the CBA and 29 U.S.C. § 1132(g)(2)(D), Aloha Gypsum Floors, LLC further promised that if it became necessary for HCTF to take legal action to enforce the terms of the CBA, including providing audit materials, from Aloha Gypsum Floors, LLC, Aloha Gypsum Floors, LLC would be obligated pay all of HCTF court costs, collection costs, and reasonable attorneys' fees.

      7.      Aloha Gypsum Floors, LLC breached the CBA by its continuous failure to produce or make available the Requested Records.

      8.      HCTF are not barred or precluded from later seeking all amounts owed for contributions, liquidated damages and interest which may subsequently be discovered through audits or otherwise, arising from work performed by Aloha Gypsum Floors, LLC's employees both before and after August 7, 2023.

      9.      As fiduciaries, HCTF have standing under 29 U.S.C. § 1132(a)(3) and § 1145 to bring this action in this court to seek redress for violations of terms of the plan and to enforce the terms of the plan by obtaining appropriate relief from this court. Section 502(e) of ERISA grants exclusive

jurisdiction to the district courts to hear "civil actions under this subchapter brought by the Secretary [of Labor] or by a participant, beneficiary, [or] fiduciary." 29 U.S.C. § 1132(e)(I).

10. The Court has considered the application of the factors for evaluating whether default judgment is appropriate as set forth in <u>Eitel v. McCool</u>, 782 F.2d 1470, 1472 (9th Cir. 1986). Evaluating all of the <u>Eitel</u> factors, default judgment against Aloha Gypsum Floors, LLC is appropriate.

11. An award of attorneys' fees to employee benefit plans is mandatory in all successful actions to recover delinquent contributions under 29 U.S.C. §§ 1132 and 1145.

12. This Court reviewed the billing records of HCTF' counsel and the declarations attached to HCTF' motion. Upon said review, this Court finds the attorneys' fees and costs in the amount of $3,602.36 to be reasonable, necessarily incurred, and directly related to the services provided herein.

## **RECOMMENDATION**

In accordance with the foregoing, this Court FINDS AND RECOMMENDS that Default Judgment in favor of Plaintiffs HCTF and against Defendant Aloha Gypsum Floors, LLC a default Judgment against Aloha Gypsum Floors, LLC requiring Aloha Gypsum Floors, LLC to produce the Requested Records to Plaintiffs, including default Judgment in the amount of $3,602.36 in

reasonable attorneys' fees and costs, without prejudice to the Trust Funds to seek other and further damages from Aloha Gypsum Floors, LLC arising from unaudited hours worked by Aloha Gypsum Floors, LLC's employees both before and after August 7, 2024.

IT IS SO FOUND AND RECOMMENDED.

DATED:  Honolulu, Hawaii, August 13, 2024.



Kenneth J. Mansfield
United States Magistrate Judge

---

*Hawaii Carpenters Trust Funds vs. Aloha Gypsum Floors, LLC*; Civil No. CV24-00094-JMS-KJM, U.S.D.C.; FINDINGS AND RECOMMENDATION TO GRANT PLANTIFFS' MOTION FOR ENTRY OF DEFAULT JUDGMENT AGAINST DEFENDANT ALOHA GYPSUM FLOORS, LLC